UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| MARGARET L. WILSON, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 2:09-CV-185 JVB |
| KELLY SERVICES, | ) ) ) | |
| Defendant. | ) | |

**ORDER**

On October 8, 2010, Magistrate Judge Andrew P. Rodovich entered a Report and Recommendation concluding that this matter should be dismissed with prejudice after Plaintiff failed to attend the Rule 16 Preliminary Pretrial Conference, despite having full knowledge of the time and date of the hearing. (DE 41). For the following reasons, the Magistrate Judge's Report and Recommendation is adopted and accepted.

**A.  Factual and Procedural History**

On June 30, 2009, Plaintiff sued against Kelly Services alleging employment discrimination. (DE 1, Compl.). On October 1, 2009, the case was set for a Rule 16 Preliminary Pretrial Conference to take place on November 5, 2009. (DE 11, Notice of Pretrial Conference). Notice of the Pretrial Conference was sent via United States Postal Service to Plaintiff at her last known address, a P.O. Box, on October 1, 2009. (*Id*. at 2).

Plaintiff requested a continuance of the Pretrial Conference on November 2, 2009, stating that she did not receive notice from the court of the Pretrial Conference. (DE 17, Pl. Mot. for Reh'g at 1). In her request, Plaintiff asked that "[t]he Notice of Hearing Rule 16 Preliminary

1

Pretrial Conference that is set for November 5, 2009 at 11:15 AM" be sent to her. (*Id.*). Additionally, Plaintiff filed an affidavit stating that she received an e-mail from Katherine G. Erdel, counsel for Defendant Kelly Services, informing Plaintiff of the Pretrial Conference. (DE 20, Aff. of M. Wilson, Nov. 2, 2009, ¶1). Plaintiff further explained that she received copies of the civil dockets for her two pending cases from the court on October 26, 2009, and these dockets included the October 1, 2009, docket entry stating the date and time of the Pretrial Conference. (*Id.* ¶3). Plaintiff has maintained, however, that she never received a copy of the actual Notice of Hearing from the court.

The Pretrial Conference took place as scheduled on November 5, 2009. (DE 25, Rule 16 Prelim. Pretrial Conference). Despite having knowledge of the hearing date and time, Plaintiff failed to appear. (*Id.*). Judge Rodovich issued a show cause order requiring Plaintiff to submit an affidavit to inform the court of the reason for her absence. (DE 26, Order to Show Cause). In response to the show cause order, Wilson filed an affidavit stating that she never received the Notice from the court regarding the Pretrial Conference. (DE 27, Aff. of M. Wilson, Nov. 16, 2009, ¶1 ("[Plaintiff] never heard nor received any hard copy facts from the Hammond District Court")). Thus, because she "did not have any knowledge regarding the true facts pertaining to [the Pretrial Conference]" it was "totally impossible" for Plaintiff to attend the Pretrial Conference. (*Id.* ¶10).

On October 8, 2010, Judge Rodovich issued a Report and Recommendation concluding that this matter should be dismissed with prejudice in light of Plaintiff's willful failure to appear at the November 5, 2009, Preliminary Pretrial Conference. (DE 41, Report and Recommendation at 4). Plaintiff objected to the Report and Recommendation on October 25, 2010, contending that she never received proper notice from the court regarding the Pretrial Conference; therefore, her

failure to appear at the hearing should be excused. (DE 42, Objection). Furthermore, Plaintiff made the following additional objections: (1) the court acted improperly on various occasions when corresponding with Plaintiff via the United States Postal Service; (2) Plaintiff was not provided sufficient time to respond to the show cause order issued by Judge Rodovich; (3) Plaintiff has not received other documents from the court throughout the course of this case; and (4) Plaintiff is *pro se*; thus, it is expected that she will make mistakes and her failure to attend the Pretrial Conference should be excused. (*Id.*).

**B.    Standard of Review**

Under Federal Rule of Civil Procedure 72(b), the District Court reviews the Magistrate Judge's recommended disposition de novo. After reviewing the recommendation de novo, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

**C.    Discussion**

Federal Rule of Civil Procedure 16(f)(1) provides that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference." This includes the right for the court to dismiss the action. Fed. R. Civ. P. 37(b)(2)(A)(v). As the Seventh Circuit has explained, "[o]nce a court is entitled to exercise subject matter jurisdiction over the suit, it has the full panoply of powers necessary to bring that suit to resolution and to enforce whatever judgments it has entered." *Autotech Techs. L.P. v. Integral Research & Dev. Co.*, 499 F.3d 737, 744 (7th Cir. 2007). The court's power includes the power to "dismiss a

plaintiff's action with prejudice." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962). Courts are permitted to dismiss actions in this manner "in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id*. at 629–30.

Judge Rodovich's recommendation that the matter be dismissed with prejudice is reasonable in light of the facts of this case. In her request for a continuance, Plaintiff clearly acknowledged that she was aware of the date and time of the Pretrial Conference. (*See* DE 17, Pl. Mot. for Reh'g, ¶1). Plaintiff admitted to being informed of the hearing by the attorney for the defendant and Plaintiff reviewed the civil docket Plaintiff received from the court. (*Id*. ¶¶1–3). Nevertheless, Plaintiff failed to appear at the November 5, 2009, hearing. (DE 25, Rule 16 Prelim. Pretrial Conference). Furthermore, in showing cause for her absence, Plaintiff has chosen to make up a story contending that she was unaware of the time and date of the Pretrial Conference rather than admit that she knew the hearing would take place on November 5, 2009, but refused to attend because she did not receive the Notice mailed to her by the court. Additionally, this Court has considered Plaintiff's objections to Judge Rodovich's Report and Recommendation, which are discussed below, and finds them to be unpersuasive.

**(1)**   *Plaintiff Had Notice of the Pretrial Conference*

Plaintiff's main objection to the Report and Recommendation is that she did not receive notice from the court of the Pretrial Conference. (DE 42, Objection at 4–5, 8). Plaintiff also asserts that the information she gained from the civil dockets regarding the Pretrial Conference was insufficient to provide her with notice because the dockets failed to indicate the location of the hearing or whether the hearing would be conducted via telephone conference. (*Id*. at 4).

Despite her assertions that she lacked notice, Plaintiff was aware of the time and date of the Pretrial Conference and deliberately chose not to attend. As noted by Judge Rodovich in his Report, the Plaintiff "could not have filed her motion to continue the scheduling conference on November 2, 2009, if she did not have knowledge of the conference." (DE 41, Report and Recommendation at 4). Furthermore, the statements in Plaintiff's affidavit asserting that it was "totally impossible" for her to attend the Pretrial Conference because she "did not have any knowledge regarding the true facts pertaining to [the Pretrial Conference]" are false. (*See* DE 27, Aff. of M. Wilson, Nov. 16, 2009, ¶¶1, 10). It is evident in Plaintiff's November 2, 2009, filing with the court that she knew of the "Rule 16 Preliminary Pretrial Conference that [was] set for November 5, 2009 at 11:15AM." (*See* DE 17, Pl. Mot. for Reh'g at 1).

**(2)** *Plaintiff's Objections Related to U.S. Mail Correspondence with the Court Do Not Excuse Her Failure to Attend the Pretrial Conference*

Plaintiff also makes four additional objections to the Report and Recommendation. First, Plaintiff contends that the court has acted improperly when corresponding with Plaintiff via U.S. mail. (DE 42, Objection). More specifically, Plaintiff notes that Judge Rodovich's Report and Recommendation was issued on October 8, 2010, but not mailed to Plaintiff until October 12, 2010, as indicated by the postage date stamped on the envelope. (*Id*. at 1). Similarly, Plaintiff notes that Judge Rodovich issued the show cause order on February 12, 2010, but it was not mailed to Plaintiff until February 16, 2010. (*Id*. at 2). Plaintiff asserts that "[t]he date of the ruling should be the same date stamped on the envelope mailed to [Plaintiff]." (*Id*. at 1). Additionally, Plaintiff states that the court has acted improperly when corresponding with Plaintiff by failing to pay proper postage on a certified letter sent to Plaintiff on October 21, 2010. (*Id*. at 1).

In light of Plaintiff's timely objection to the Report and Recommendation, and the fact that she was able to timely file her affidavit in response to the show cause order, this Court determines that Plaintiff was not prejudiced by the four-day period between the date that these documents were issued and the date that they were mailed to Plaintiff. Furthermore, the fact that one document was mailed to Plaintiff with insufficient postage does not illustrate that the court has attempted to prejudice the defendant in any way. It is noted on the docket that Judge Rodovich's court re-sent mail that had been returned to the court due to improper postage. This demonstrates that the court has attempted to remedy this minor error. Additionally, none of these objections are related to Plaintiff's failure to attend the Pretrial Conference. In fact, each of these occurrences took place after the November 5, 2009, Pretrial Conference and therefore could not have contributed to Plaintiff's failure to attend the Pretrial Conference.

**(3)** *Plaintiff Received Sufficient Time to Respond to the Show Cause Order*

Second, Plaintiff notes in her Objection to the Report and Recommendation that she was not provided sufficient time to respond to the show cause order issued by Judge Rodovich. (*Id*. at 3). Plaintiff looks to Local Rule 7.1 to support this contention. (*Id*. at 3). Local Rule 7.1(a) provides that "an adverse party shall have fourteen (14) days after service of a motion in which to serve and file a response, and the moving party shall have seven (7) days after service of a response in which to serve and file a reply." Plaintiff states that "Judge Rodovich only allowed Plaintiff ten (10) days to respond to [the show cause order] . . . . [t]he judge failed to take into respect that the court didn't mail [Plaintiff]'s order . . . until four (4) days after his decision which only allowed her six (6) days to prepare and respond to all his demands . . . ." (DE 42, Objection at 3).

6

Local Rule 7.1 does not govern the time that a party has to respond to an order to show cause. Judge Rodovich gave Plaintiff fourteen days to file an affidavit in response to the show cause order. (DE 26, Order to Show Cause at 1). This Court finds that fourteen days was a sufficient amount of time for Plaintiff to file an affidavit explaining the reasons for her failure to attend the Pretrial Conference. Notably, Plaintiff was able to file her affidavit within the allotted time, and if she felt that this would not have been possible, she could have filed a motion seeking an enlargement of time to file her affidavit. Additionally, the time Plaintiff was given to file her affidavit in response to the show cause order is completely unrelated to Plaintiff's failure to attend the Pretrial Conference.

**(4)** *Plaintiff's Alleged Failure to Receive Other Court Documents is Unrelated to Judge Rodovich's Report and Recommendation*

Third, Plaintiff explains that she has not received other documents from the court throughout the course of this case. (DE 42, Objections). More specifically, Plaintiff states that she was not provided a notice of the Report of Parties' Planning Meeting and she did not receive the Magistrate Judge Consent forms. (*Id*. at 4, 8). Again, these statements fail to explain why Plaintiff did not attend the November 5, 2009, Pretrial Conference as ordered by Judge Rodovich. Therefore, this objection fails to excuse Plaintiff's absence from the hearing.

**(5)** *The Federal Rules of Civil Procedure Apply to* **Pro Se** *Litigants*

Additionally, Plaintiff contends that because she is a *pro se* plaintiff, her case should not be dismissed due to her failure to attend the Pretrial Conference. (*See id*. at 9 ("Indeed the Plaintiff['s] actions were not the violations of any willful or deliberate intent because as [*pro se*], [Plaintiff] was . . .acting in good faith . . . .")). This argument, however, is unconvincing.

Plaintiff has demonstrated, through her filings in the present case as well as through Plaintiff's prior employment discrimination case presided over by Judge Springmann,[1] that Plaintiff is fully capable of representing her interests before the court. Furthermore, as Plaintiff is well aware,[2] although courts liberally construe pleadings filed by *pro se* litigants, the Federal Rules of Civil Procedure apply equally to *pro se* litigants and litigants represented by council. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). The fact that the Plaintiff has chosen to file this lawsuit without the assistance of counsel does not excuse her willful failure to appear at the Pretrial Conference.

In light of the court's broad power to manage its docket and resolve the cases that come before the court, Plaintiff's willful failure to appear at the November 5, 2009, Preliminary Pretrial Conference is a valid basis for dismissing this matter with prejudice.

**D.      Conclusion**

For the foregoing reasons, this Court ADOPTS AND ACCEPTS Judge Rodovich's Report and Recommendation.

SO ORDERED on February 11, 2011.

_s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge

---

[1]     *See Wilson v. Kautex, Inc.*, No. 1:07-CV-60-TS, 2009 WL 1657463 (N.D. Ind. June 10, 2009).

[2]     Plaintiff has previously been advised of the applicability of the Federal Rules of Civil Procedure to *pro se* Plaintiffs. *See Wilson v. Kautex, Inc.*, No. 1:07-CV-60-TS, 2009 WL 1657463, at *6 (explaining that procedural rules apply to *pro se* cases).